JEFFERSON PARK LAND CO. *v*. NETTING LAND CO.

1. Covenants—Building Restrictions—Use of Stucco Violates Restriction Providing For Use of Brick or Stone.

   The use of stucco on the second story of a house, the first story of which is of brick veneer construction, is a violation of a building restriction providing that buildings must be of brick or stone construction.

2. Same—Waiver of Restrictions.

   That the promoters of a subdivision accepted brick veneer as a compliance with a restriction requiring brick or stone construction, and also permitted the use of shingles on a dormer window on one brick veneer house, *held*, not to justify the use of stucco on the second story of a brick veneer building.

3. Same — Violations of Restrictions in Few Instances Insufficient to Characterize Change in General Plan.

   Where only five houses have been constructed in a subdivision containing 400 lots, violation of building restrictions in one or more instances cannot be said to have proceeded far enough to characterize a change in the general plan to be observed from that designated in the restrictions, and therefore would be no excuse for the purchaser of a lot therein ignoring the restrictions contained in his deed.

Appeal from Wayne; Webster (Clyde I.), J. Submitted April 6, 1927. (Docket No. 32.) Decided June 6, 1927. Rehearing denied July 29, 1927.

Bill by the Jefferson Park Land Company against the Netting Land Company to enjoin the violation of building restrictions. From a decree dismissing the bill, plaintiff appeals. Reversed, and decree entered for plaintiff.

---

[1]Deeds, 18 C. J. § 450; [2]Id., 18 C. J. § 468 (Anno); [3]Id., 18 C. J. § 468.

*Renaud & Hulett* (*Henry C. Bogle* and *George P. Coash,* of counsel), for plaintiff.

· *Corliss, Leete & Moody* (*Thomas T. Leete,* of counsel), for defendant.

BIRD, J.   The Jefferson Park Land Company has a subdivision in the city of Detroit, bounded on the north by Frankfort drive, on the east by Manistique avenue, on the south by Warren avenue, and on the west by Dickerson avenue.   The subdivision contains 400 lots, a majority of which have been sold on contract.   The contracts and deeds contain the following restriction:

"No building to be erected on said premises unless of brick or stone construction, to be for residence purposes only, and no residence to be erected on said premises costing less than $7,000 for one-family, $10,500 for two-family, $20,000 for four-family, and to be set back 20 feet from the front lot line."

Defendant is building a house on the subdivision which is of brick veneer up to the second story.   It is the intention of defendant to stucco the second story. When plaintiff learned of this plan it filed this bill to enjoin defendant from placing stucco on the second story, claiming it was a violation of the restriction.

It is claimed by the plaintiff that the restrictions were imposed for the purpose of enhancing the beauty of the subdivision and making it more durable, and hence, more valuable; that the restrictions were used as a selling point, and are relied upon by plaintiff and those purchasing; and that it will result in a substantial depreciation of the value of the lots if stucco is allowed as a substitute material.

Defendant contends that the only proof of any general plan of restriction in the subdivision was the verbal testimony of Mr. Finn, one of plaintiff's directors.   The defense appears to be that brick or stone as used in the restriction means solid brick or stone.

This was shown by experts. That inasmuch as all the five houses constructed are brick veneer and one second story of shingles, that it would follow that a veneer of stucco would be no violation of the restrictions.

The restrictions are not difficult to understand. Brick and stone mean brick and stone, but counsel shows that the term "brick and stone" means solid brick and stone. If we concede that it does, how does that authorize defendant to put on stucco? But it is argued that all of the five houses are of brick veneer, and that is a violation of the restrictions. If this be conceded, it does not authorize an application of stucco on a second story. It is shown that brick veneer has been accepted by the promoters of the subdivision as a compliance with the restrictions, but whether it did or not does not justify a use of stucco. The question as to whether brick veneer is a compliance with the restrictions is not an issue in this case. Counsel also say that on one of the five houses shingles are used in front for the second story. Plaintiff replies that that construction is a dormer window. Even if the restriction had been violated in one instance that would not justify defendant to use other materials than those named in the restrictions.

Here is a subdivision of 400 lots with only five houses constructed thereon. Brick veneer has been accepted by the promoters in lieu of solid brick. One house with a dormer window effect has shingles on its face. These few unauthorized constructions, if they are unauthorized, have not proceeded far enough to characterize any change in the general plan to be observed in the subdivision from that designated in the restrictions. *Oliver* v. *Williams*, 221 Mich. 471. These restrictions were placed in the deeds and contracts for the purpose of improving the appearance of the subdivision and making it more permanent. Defendant

knew of them when it purchased the lot. It was early notified that stucco would be a violation of the restrictions, and what it has done in the way of construction it has done with a full knowledge of what would be insisted on by the promoters of the subdivision.

The decree of the trial court will be reversed, and one entered in accord with this opinion. Plaintiff will recover its costs of both courts.

SHARPE, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.